Case 1:12-cv-07569-KBF   Document 1   Filed 10/10/12   Page 1 of 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE ANNUITY, WELFARE and APPRENTICESHIP
SKILL IMPROVEMENT & SAFETY FUNDS of the
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL 15, 15A, 15C and 15D, AFL-CIO, by its TRUSTEES
JAMES T. CALLAHAN, FRANCIS P. DIMENNA,
DANIEL J. SCHNEIDER and JOHN BRUNETTI,



**COMPLAINT**

Plaintiffs,

12-CIV-

-against-

NAVILLUS CONTRACTING INC.,

12 CV 7539

Defendant.

JUDGE JONES

------------------------------------------------------------------X

Plaintiffs, by their attorneys, BRADY McGUIRE & STEINBERG, P.C., for their Complaint, respectfully allege:

1.  This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185 et seq. ("LMRA") to recover fringe benefit contributions owed to employee fringe benefit trust funds and for breach of the terms and conditions of a collective bargaining agreement, respectively.

### JURISDICTION

2.  The subject matter jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, along with Section 301(c) of the LMRA, 29 U.S.C. § 185(c).

3.  Venue is properly laid in the Southern District of New York pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that, the breach took place and the obligation to remit payment of the contributions in question arose, in this district.

## THE PARTIES

4. Plaintiffs ANNUITY, WELFARE AND APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 15, 15A, 15C & 15D, AFL-CIO ("Plaintiffs LOCAL 15 TRUST FUNDS") are joint trustee funds established by various trust indentures pursuant to Section 302 of the LMRA, 29 U.S.C. § 186. The Board of Trustees of the LOCAL 15 TRUST FUNDS maintain the subject plans at offices located at 44-40 11th Street, Long Island City, New York 11101.

5. JAMES T. CALLAHAN, FRANCIS P. DIMENNA, DANIEL J. SCHNEIDER and JOHN BRUNETTI are Trustees of Plaintiffs LOCAL 15 TRUST FUNDS and are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. The LOCAL 15 ANNUITY FUND is an employee pension benefit plan within the meaning of Section 3(2) of ERISA, as amended, 29 U.S.C. § 1002(2) and established for the purpose of providing retirement income to eligible participants.

7. The LOCAL 15 WELFARE and APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS are employee welfare benefit plans within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and established for the purpose of providing medical, vacation and other benefits to eligible participants.

8. Plaintiff LOCAL 15 TRUST FUNDS constitute multi-employer/employee benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

9. Plaintiffs LOCAL 15 TRUST FUNDS operate as the administrative representative of the Central Pension Fund of the International Union of Operating Engineers responsible for the collection of defined pension benefit contributions owed by entities maintaining collective

bargaining agreements with the International Union of Operating Engineers Local 15, 15A, 15C & 15D, AFL-CIO.

10. Plaintiffs LOCAL 15 TRUST FUNDS also serve as the collection agent for union assessment (dues checkoff) and political action committee payments which are remitted from contributing employers such as the Defendant on behalf of those union members who have authorized the payment of same from their wages.

11. Upon information and belief, Defendant NAVILLUS CONTRACTING, INC. ("NAVILLUS") was and still is a New York corporation with its principal place of business located at 575 5th Avenue, 29th Floor, New York 1017.

12. Upon information and belief, Defendant NAVILLUS was and still is a foreign corporation duly licensed to do business in the State of New York.

13. Upon information and belief, Defendant NAVILLUS was and still is a foreign corporation doing business in the State of New York.

14. Upon information and belief, Defendant NAVILLUS is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and Section 301 of the LMRA, 29 U.S.C. § 185.

## AS AND FOR A FIRST CAUSE OF ACTION
## (BREACH OF COLLECTIVE BARGAINING AGREEMENT)

15. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 14 inclusive with the same force and effect as though more fully set forth at length herein.

16. At all times relevant hereto, Defendant NAVILLUS agreed to be bound by the terms and conditions of a collective bargaining agreement with the International Union of Operating Engineers Local 15, 15A, 15C & 15D, AFL-CIO ("Local 15") dated August 3, 1992 (hereinafter referred to as the "Collective Bargaining Agreement").

17. Local 15 is a labor organization as defined in Section 2 of the LMRA, 29 U.S.C. § 152 et seq., having its principal office for the transaction of business at 44-40 11th Street, Long Island City, New York 11101.

18. In accordance with the underlying Collective Bargaining Agreement and the Trust Agreements establishing Plaintiffs LOCAL 15 TRUST FUNDS, Defendant NAVILLUS consented to the performance of an audit of its books and records to determine whether said Defendant had made all of the required fringe benefit contributions as well as union assessment (dues checkoff) and political action committee payments to Plaintiffs LOCAL 15 TRUST FUNDS in accordance with the Collective Bargaining Agreement for the period of July 1, 2008 through June 30, 2011.

19. That on or about May 8, 2012, the results of said audit were detailed by the auditor for Plaintiffs LOCAL 15 TRUST FUNDS which determined that Defendant NAVILLUS had failed to provide the contractually required (a) fringe benefit contributions, along with the required (b) union assessment (dues checkoff) and (c) political action committee payments for the period of July 1, 2008 through June 30, 2011 in the amount of $11,911.00.

20. Upon information and belief, Defendant NAVILLUS may owe additional contributions for the period of July 1, 2011 through Present as required in accordance with the terms of the Collective Bargaining Agreement. The precise figure for the period of July 1, 2011 through Present cannot be determined because said Defendant may not have filed accurate employment reports for those months in which it was required to make contributions as required by the Collective Bargaining Agreement.

21. Despite repeated efforts by Plaintiffs LOCAL 15 TRUST FUNDS to collect the contributions owed, Defendant NAVILLUS remains delinquent in making the proper

contributions and has failed to pay any portion of the outstanding contributions owed to Plaintiffs LOCAL 15 TRUST FUNDS as detailed above.

22. Accordingly, as a direct and proximate result of Defendant NAVILLUS' defaults, omissions and breaches of the Collective Bargaining Agreement said Defendant NAVILLUS is liable to the Plaintiffs in the amount of no less than $11,911.00 along with potentially additional contributions along with union assessment (dues checkoff) and political action committee payments, for the subsequent period not covered by the audit.

### AS AND FOR A SECOND CAUSE OF ACTION
### (BREACH OF ERISA OBLIGATIONS)

23. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 22 inclusive with the same force and effect as though more fully set forth at length herein.

24. Defendant NAVILLUS' failure to make the required fringe benefit contribution payments to Plaintiffs LOCAL 15 TRUST FUNDS for the period audited of July 1, 2008 through June 30, 2011 in the amount of $11,911.00 is a violation of Section 515 of ERISA, 29 U.S.C. § 1145 which requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

25. Upon information and belief, Defendant NAVILLUS may owe additional contributions for the period of July 1, 2011 through Present as required by Section 515 of ERISA, 29 U.S.C. § 1145. The precise figure for the period of July 1, 2011 through Present cannot be determined because said Defendant may not have filed accurate employment reports for those months in which it was required to make contributions as required by the Collective Bargaining Agreement and Section 209 of ERISA, 29 U.S.C. § 1059.

26. Despite repeated efforts by Plaintiffs LOCAL 15 TRUST FUNDS to collect the contributions owed, Defendant NAVILLUS remains delinquent in making the proper

contributions and has failed to pay any portion of the outstanding contributions owed to the LOCAL 15 TRUST FUNDS as detailed above.

27. Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to the Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff Trust Fund's Plan, or if none, at the rate set forth in the United States Internal Revenue Code at 26 U.S.C. § 6621; (c) statutory damages; (d) reasonable attorneys' fees; and (e) the costs and disbursements of the action.

28. Accordingly, as a direct and proximate result of Defendant NAVILLUS' breach of the Collective Bargaining Agreement and as a result thereof having violated Section 515 of ERISA, 29 U.S.C. § 1145, Defendant NAVILLUS is liable to the Plaintiffs in the amount of no less than $11,911.00 along with potentially additional contributions for the subsequent period not covered by the audit, together with accumulated interest on the unpaid and/or untimely paid principal amount due and owing, statutory damages, reasonable attorneys' fees, and the costs and disbursements incurred in this action, as well as related audit fees totaling $2,801.00, all pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

## AS AND FOR A THIRD CAUSE OF ACTION
### (DEMAND FOR AN AUDIT)

29. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 28 inclusive with the same force and effect as though more fully set forth at length herein.

30. Under the terms of the Collective Bargaining Agreement and ERISA, an employer is required to make payments to the LOCAL 15 TRUST FUNDS and the Central Pension Fund

based upon an agreed sum for each employee hour of its hourly payroll worked or wages paid, and to report such employee hours and wages to the LOCAL 15 TRUST FUNDS.

31. Under the terms of the Trust Agreements establishing the LOCAL 15 TRUST FUNDS, the applicable Collective Bargaining Agreement and ERISA, Plaintiffs are entitled to audit Defendant NAVILLUS' books and records.

32. Upon information and belief, Defendant NAVILLUS may have underreported the number of employees, the amount of employee hours and wages paid to its employees and the contributions due for the period of July 1, 2011 through Present.

33. Plaintiffs therefore demand an audit of Defendant NAVILLUS' books and records.

**WHEREFORE**, Plaintiffs demand judgment on the First Cause of Action as follows:

1. Of Defendant NAVILLUS CONTRACTING, INC. in the amount of contributions, union assessment (dues checkoff) and political action committee payments determined to be due and owing to Plaintiffs LOCAL 15 TRUST FUNDS in the amount of $11,911.00, plus any additional monies that may be determined to become justly due and owing to the LOCAL 15 TRUST FUNDS during the pendency of this action and before final judgment.

**WHEREFORE**, Plaintiffs demand judgment on the Second Cause of Action as follows:

1. Of Defendant NAVILLUS CONTRACTING, INC., in the amount of contributions determined to be due and owing to the Funds of $11,911.00 plus any additional monies that may be determined to become justly due and owing to the LOCAL 15 TRUST FUNDS during the pendency of this action and before final judgment along with the audit fee totaling $2,801.00, together with:

    a.    Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by Defendants, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

    b.    Statutory damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

    c.    Attorneys' fees, costs and disbursements in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

    d.    Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE**, Plaintiffs demand judgment on the Third Cause of Action as follows:

1.    An order requiring Defendant NAVILLUS CONTRACTING, INC. to submit all books and records to Plaintiffs for audit at its cost in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E);

2.    Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

Dated: Tarrytown, New York
       October 9, 2012

                      Yours, etc.

                      BRADY McGUIRE & STEINBERG, P.C.

By:    James M. Steinberg (JS-3515)
        Attorneys for Plaintiffs
        303 South Broadway, Suite 234
        Tarrytown, New York 10591
        (914) 478-4293